UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARION LOVE | * | CIVIL DOCKET NO: |
| | * | |
| VERSUS | * | |
| | * | |
| JOHN P. GARNER, SUMTER | * | JUDGE: |
| UTILITIES, INC., OLD REPUBLIC | * | |
| INSURANCE COMPANY, MCKINZIE | * | |
| CULPEPPER AND STATE FARM | * | MAG. JUDGE: |
| MUTUAL AUTOMOBILE | * | |
| INSURANCE COMPANY | * | |

## NOTICE OF REMOVAL

Defendants, John P. Garner, Sumter Utilities, Inc., and Old Republic Insurance Company file this notice of removal on the following grounds:

## THE REMOVED CASE

**1.**

On August 17, 2021, a Petition for Damages was filed on behalf of the plaintiff, Darion Love, in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, styled *"Darion Love versus John P. Garner, Sumter Utilities Inc., Old Republic Insurance Company, McKinzie Culpepper and State Farm Mutual Automobile Insurance Company,"* bearing Docket Number 2021-3335, Section "G."

**2.**

On September 22, 2021, defendant, John P. Garner, was served with the Petition for Damages via Long Arm Statute.

**3.**

On September 17, 2021, defendant, Sumter Utilities, Inc., was served with the Petition for Damages through its registered agent, Corporate Service Company.

2180161.v1

**4.**

On September 17, 2021, defendant, Old Republic Insurance Company, was served with the Petition for Damages through its registered agent, the Louisiana Secretary of State.

**5.**

On September 17, 2021, defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), was served with the Petition for Damages.

**6.**

On September 15, 2021, defendant, McKinzie Culpepper, was served with the Petition for Damages.

**7.**

A complete copy of all pleadings currently filed and available in the court record for the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, is attached hereto as Exhibit A, *in globo*.[1]

**8.**

In the Petition for Damages, plaintiff alleges that, on or about September 5, 2020, plaintiff was riding as a guest passenger in a vehicle owned and operated by McKinzie Culpepper that was traveling west on McNeese Street in the outside (right) lane of travel near its intersection with West Parkway Road. Plaintiff further alleges that, at the same time, a Kenworth Utility truck, owned by Sumter Utilities, Inc. and operated by John P. Garner, was also traveling west on McNeese Street near its intersection with West Parkway Road, but in the inside (left) lane of travel.

---

[1] McKinzie Culpepper has also filed an Answer in this matter, however, it has not yet been processed by the Clerk of Court. Thus, defendants have been unable to obtain a copy. Additionally, defendants are unable to obtain a copy of the affidavit of service for John P. Garner as it has not yet been processed by the Clerk of Court either. Defendants will supplement with these documents once they are released.

Plaintiff alleges that the vehicle driven by John P. Garner suddenly, and without warning, changed lanes from the inside (left) lane into the outside (right) lane of travel, thereby striking McKinzie Culpepper's vehicle on the driver's side, and causing a collision between the two vehicles.

9.

As a result of the collision, plaintiff alleges that he suffered injuries to his neck, a left hip labral tear, headaches, and the usual bumps, bruises, and contusions associated with an accident of this type. Specifically, plaintiff asserts the following damages:

1) Medical expenses from the date of injury to present;

2) Future medical expenses;

3) Physical pain and suffering, mental anguish and disability, plus permanent impairment of physical function, all past, present and future;

4) Loss of enjoyment of life; and

5) Loss of earnings/earning capacity.

## BASIS OF JURISDICTION

10.

Defendants aver that this Court has original jurisdiction over the claims asserted by plaintiff pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441, as this is a civil action between citizens of different states, and plaintiff alleges damages sufficient to place the amount in controversy in excess of $75,000, exclusive of interests and costs.

## PARTIES AND DIVERSITY OF CITIZENSHIP

11.

Defendants show that there is complete diversity of citizenship between plaintiff and defendants, John P. Garner, Sumter Utilities, Inc., Old Republic Insurance Company, (and State

Farm.) Defendants submit that the citizenship of McKinzie Culpepper and State Farm should be disregarded, as they are improperly joined.

**12.**

Upon information and belief, plaintiff, Darion Love, is a resident of and domiciled in the State of Louisiana. Accordingly, defendants aver that Darion Love is a citizen of the State of Louisiana.

**13.**

Defendant, John P. Garner, is an individual domiciled and residing in the State of South Carolina. Accordingly, John P. Garner is a citizen of the State of South Carolina.

**14.**

Defendant, Sumter Utilities, Inc., is a Delaware corporation with its principal place of business in South Carolina. Accordingly, Sumter Utilities, Inc. is deemed to be a citizen of both Delaware and South Carolina.

**15.**

Defendant, Old Republic Insurance Company, is a Pennsylvania corporation that has its principal place of business in Pennsylvania. Accordingly, Old Republic Insurance Company is deemed to be a citizen of Pennsylvania.

**16.**

Defendant, State Farm, is an Illinois corporation that has its principal place of business in Illinois. Accordingly, State Farm is deemed to be a citizen of Illinois.

**17.**

Because plaintiff is a citizen of Louisiana and defendants are citizens of South Carolina, Delaware, Pennsylvania, and Illinois, complete diversity exists.

## IMPROPER JOINDER OF MCKINZIE CULPEPPER AND STATE FARM

**18.**

Although McKinzie Culpepper is domiciled in Louisiana, her citizenship should not defeat complete diversity as she is improperly joined in this matter.

**19.**

The improper joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity. To establish improper joinder, the party seeking to establish a cause of action must either show (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

**20.**

A defendant has been improperly joined when a plaintiff will be unable to establish a cause of action against the non-diverse defendant. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004). Louisiana is a fact pleading state that values substance over form. *Southeastern Louisiana University v. Cook*, 2012-021 (La. App. 1 Cir. 9/21/12), 104 So.3d 124. Although plaintiff herein alleges that McKinzie Culpepper negligence was a proximate cause of the subject accident, plaintiff has not plead any facts to support that McKinzie Culpepper acted negligently; Thus, plaintiff has failed to state facts that would establish a viable cause of action against McKinzie Culpepper.

**21.**

Further, defendants, John P. Garner, Sumter Utilities, Inc., and Old Republic Insurance Company, admit that the accident was caused solely by the simple negligence of John P. Garner and that Sumter Utilities, Inc. is vicariously liable for the simple negligence of John P. Garner as the sole cause of the September 5, 2020 accident at issue herein.[2] Thus, no other party, including McKinzie Culpepper or her liability insurer, State Farm, can be liable for plaintiff's alleged injuries. As such, plaintiff does not have a viable cause of action against McKinzie Culpepper or State Farm because he cannot establish that he is entitled to any recovery against them.

**22.**

Accordingly, McKinzie Culpepper and State Farm are improperly added as defendants in this matter, and their citizenship should be disregarded when determining whether complete diversity exists.

## AMOUNT IN CONTROVERSY

**23.**

Defendants state that, based on the allegations in plaintiff's Petition, and based upon information regarding plaintiff's medical treatment and diagnosis, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

**24.**

Plaintiff does not plead, and Louisiana law does not allow plaintiff to plead, a specific amount of damages. La Code Civ. Proc. Art. 893(a)(1). In such circumstances, the Fifth Circuit permits removal under 28 U.S.C. § 1332(c)(2)(B) if the district court finds, by a preponderance of

---

[2] Defendants reserve all defenses regarding damages, including, but not limited to, causation, credits or offsets, and failure to mitigate.

the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

**25.**

Plaintiff alleges in his Petition that, as a result of the accident, he sustained numerous personal injuries, including injuries to his neck, a left hip labral tear, headaches, bumps, and bruises. As a result of these injuries, plaintiff claims the following damages:

1) Medical expenses from date of injury to present;
2) Future medical expenses;
3) Physical pain and suffering, mental anguish and disability, plus permanent impairment of physical function, all past, present and future;
4) Loss of enjoyment of life; and
5) Loss of earnings/earning capacity.

**26.**

Upon information and belief, plaintiff has been recommended for surgery related to his left hip labral tear.

**27.**

Therefore, based on the allegations made in plaintiff's Petition for Damages and plaintiff's recommendation for hip surgery, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**REMOVAL IS TIMELY**

**28.**

Defendants show that this Notice of Removal was timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446(b)(2)(B), as notice was filed within 30 days after service of the initial pleading on defendants.

## CONSENT TO REMOVAL

**29.**

As McKinzie Culpepper and State Farm are improperly joined, their consent to the removal of this action is not necessary. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993).

## VENUE

**30.**

The venue of this removal action is proper pursuant to the provisions of 28 U.S.C. § 1441(a), as the United States District Court for the Western District of Louisiana embraces Calcasieu Parish and the 14th Judicial District Court, the place where the state court action is pending.

**31.**

Based on the foregoing, defendants show that this matter is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq*.

**32.**

Written notice of the filing of this removal will be sent to the adverse party as required by law.

**33.**

A true copy of this notice of removal is being filed with the Clerk of Court for the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, as required by law.

**WHEREFORE**, defendants, John P. Garner, Sumter Utilities, Inc., and Old Republic Insurance Company, pray that the action be removed to this Court, that the Court accept jurisdiction of the action, and that the action be placed on the docket of the Court for further proceedings, as though it were originally instituted in the Court.

Respectfully Submitted,

BY ATTORNEYS:

**BREAZEALE, SACHSE & WILSON, L.L.P.**
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Facsimile: 225-381-8029
Email: Douglas.Williams@bswllp.com

*/s/ Alexa Candelora*
───────────────────────────────
Douglas K. Williams (#2187)
Chris D. Billings (#31621)
Alexa Candelora (#39134)
*Counsel for John P. Garner, Sumter Utilities, Inc., and Old Republic Insurance Company*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARION LOVE | * | CIVIL DOCKET NO: |
| | * | |
| VERSUS | * | |
| | * | |
| JOHN P. GARNER, SUMTER | * | JUDGE: |
| UTILITIES, INC., OLD REPUBLIC | * | |
| INSURANCE COMPANY, MCKINZIE | * | |
| CULPEPPER AND STATE FARM | * | MAG. JUDGE: |
| MUTUAL AUTOMOBILE | * | |
| INSURANCE COMPANY | * | |

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned authority, personally came and appeared

### ALEXA CANDELORA

who, after being duly sworn, did depose and say:

That the allegations contained in the Notice of Removal filed herein are true and correct to the best of his knowledge, information, and belief.

_____
Alexa Candelora

**SWORN TO AND SUBSCRIBED** before me, Notary Public, this 14th day of October, 2021, Baton Rouge, Louisiana.

_____
NOTARY PUBLIC

Notary Name Printed: Missy Johnson
Notary ID No.: 135970
My Commission Expires: at death

2180161.v1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARION LOVE | * | CIVIL DOCKET NO: |
| | * | |
| VERSUS | * | |
| | * | |
| JOHN P. GARNER, SUMTER | * | JUDGE: |
| UTILITIES, INC., OLD REPUBLIC | * | |
| INSURANCE COMPANY, MCKINZIE | * | |
| CULPEPPER AND STATE FARM | * | MAG. JUDGE: |
| MUTUAL AUTOMOBILE | * | |
| INSURANCE COMPANY | * | |

## PROOF OF SERVICE

Alexa Candelora, being duly sworn, does depose and say thats he is a member of the bar of the State of Louisiana, is admitted to practice before the United States District Court, Western District of Louisiana, is a member of the firm Breazeale, Sachse & Wilson, L.L.P., and is counsel for defendants, John P. Garner, Sumter Utilities, Inc., and Old Republic Insurance Company.

Affiant further states that, on the 14th day of October, 2021, after the Notice of Removal is filed with the above Court, he is forwarding a copy of said Notice of Removal and attachments via electronic mail and by depositing same in the U.S. Mail, postage prepaid and properly addressed to:

>   Tina L. Wilson                      Jackson B. Bolinger
>   723 Broad St.                       Caffery Plaza, Suite 100
>   Lake Charles, Louisiana 70601       4023 Ambassador Caffery Parkway
>   *Counsel for plaintiff*             Lafayette, Louisiana 70503
>                                       *Counsel for State Farm and*
>                                       *McKinzie Culpepper*

Affiant further states that, on the same day, immediately following the delivery of the aforesaid papers, he is having a copy of the notice of removal filed with the Clerk of Court for the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, for filing in the matter entitled "*Darion Love versus John P. Garner, Sumter Utilities Inc., Old Republic Insurance Company,*

2180161.v1

*McKinzie Culpepper and State Farm Mutual Automobile Insurance Company,"* bearing Docket Number 2021-3335, Section "G."

Alexa Candelora

**SWORN TO AND SUBSCRIBED** before me, Notary Public, this \_\_14th\_\_ day of October, 2021, Baton Rouge, Louisiana.

NOTARY PUBLIC
Notary Name Printed: \_\_Missy Johnson\_\_
Notary ID No.: \_\_135970\_\_
My Commission Expires: \_\_at death\_\_

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARION LOVE | * | CIVIL DOCKET NO: |
| | * | |
| VERSUS | * | |
| | * | |
| JOHN P. GARNER, SUMTER | * | JUDGE: |
| UTILITIES, INC., OLD REPUBLIC | * | |
| INSURANCE COMPANY, MCKINZIE | * | |
| CULPEPPER AND STATE FARM | * | MAG. JUDGE: |
| MUTUAL AUTOMOBILE | * | |
| INSURANCE COMPANY | * | |

## NOTICE TO ADVERSE PARTY

TO: Tina L. Wilson
   723 Broad St.
   Lake Charles, Louisiana 70601

**YOU ARE HEREBY NOTIFIED** that defendants, John. P. Garner, Sumter Utilities, Inc., and Old Republic Insurance Company, have filed the attached Notice of Removal, along with other attached documents, with the Clerk of Court for the United States District Court, Western District of Louisiana, and a copy of said Notice of Removal has been filed with the Clerk of Court for the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana.

Respectfully Submitted,

BY ATTORNEYS:

**BREAZEALE, SACHSE & WILSON, L.L.P.**
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Facsimile: 225-381-8029
Email: Douglas.Williams@bswllp.com

*/s/ Alexa Candelora*
Douglas K. Williams (#2187)
Chris D. Billings (#31621)
Alexa Candelora (#39134)
*Counsel for John P. Garner, Sumter Utilities, Inc., and Old Republic Insurance Company*

2180161.v1