UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARION LOVE** | : | **CIVIL ACTION NO. 21-3642** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JOHN P GARNER, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Currently before the court is a Motion to Remand filed by plaintiff Darion Love ("plaintiff"). Doc. 9. The motion is opposed by defendants John P Garner ("Garner"), Old Republic Insurance Co. ("Old Republic"), and Sumter Utilities Inc. ("Sumter") (collectively on occasion, "defendants"). Doc. 12. Plaintiffs have filed a reply [doc. 13], so this matter is now ripe for disposition.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's Motion to Remand [doc. 9] be **DENIED**.

### I.
#### BACKGROUND

Plaintiff Darion Love filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, naming as defendants Garner, Old Republic, Sumter, McKenzie Culpepper ("Culpepper") and Culpepper's insurer, State Farm Mutual Automobile Insurance Company ("State Farm'). Plaintiff asserts a cause of action for damages arising out of an automobile

accident. Plaintiff alleges that he was a guest passenger in a vehicle being driven by Culpepper when Garner's truck changed from the left to right lane and collided with Culpepper's vehicle, which was traveling in the right lane. Doc. 1, att. 2, pp. 2-3, ¶ 7. Sumpter and Old Republic are alleged to be liable as employer and insurer of Garner, respectively. *Id*. at ¶¶ 5, 9. Plaintiff also asserts claims against Culpepper and State Farm for negligence arising out of her operation of the vehicle. Id. at ¶ In his petition, plaintiff states that "[t]he sole proximate cause of the accident was the negligence of defendants, [Garner] and [Culpepper]." *Id*. at p. 3, ¶ 8. He makes the following allegations of negligence against Culpepper:

>    a)  In failing to see what she should have seen and do what she should have done;
>    b)  In failing to keep her vehicle under proper control;
>    c)  In driving generally in a reckless and careless manner;
>    d)  In failing to drive prudently;
>    e)  In failing to keep a proper lookout;
>    f)  In failing to exercise reasonable care;
>    g)  In failing to notice the imminence of an accident and taking necessary steps to avoid the same

*Id*.

Defendants Garner, Sumter and Old Republic timely removed. Doc. 1. In their notice, they allege this court enjoys diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as their citizenship is diverse from that of plaintiff and the amount in controversy is satisfied.[1] *Id*. at p. 3-4. They further allege that we should not consider the citizenship of in-state defendant Culpepper or State Farm due to improper joinder. *Id.* at pp. 5-6. Defendants state that plaintiff has failed to state facts that would establish a viable cause of action against Culpepper. Defendants offer in their Notice an admission which states:

---

[1] Plaintiff is a citizen of Louisiana, Garner is a citizen of South Carolina, Sumter is a citizen of Delaware and South Carolina, and Old Republic is a citizen of Pennsylvania. Doc. 1, p. 4.

> [D]efendants, John P. Garner, Sumter Utilities, Inc., and Old Republic Insurance Company, admit that the accident was caused solely by the simple negligence of [ ] Garner and that Sumter [ ] is vicariously liable for the simple negligence of [ ] Garner as the sole cause of the September 5, 2020 accident at issue herein.

*Id.* at p. 6. This is evidently an attempt to admit liability and leave only damages at issue.[2] They claim this admission of sole liability on part of Garner and Sumter precludes a viable cause of action from being stated against Culpepper and State Farm because neither Culpepper, nor any other party, could be found liable for plaintiff's injuries. *Id.*

In support of their motion to remand, plaintiff claims his petition states valid claims against Culpepper. Doc. 9, att. 1, p. 3. He agrees defendants have admitted that the accident was solely caused by Garner but argues that "the defendants' assumption of liability does not preclude the plaintiff from pursuing claims against other parties who may also be proven to be liable." *Id.* at p. 4. He argues that "the defendants are improperly asking this Court to make a substantive ruling on the merits of this case in order to establish jurisdiction." *Id.* Plaintiff also claims that the removing defendants failed to obtain the consent of properly joined co-defendants Culpepper and State Farm. *Id.* at p. 5.

In opposition to the motion, defendants reiterate the point made in their Notice of Removal, that they have admitted that Garner's negligence was the sole cause of the accident at issue, and also argues the petition conclusively states that Culpepper acted negligently but contains no facts to support that allegation. Doc. 12, pp. 5-8. Defendants attach as an exhibit the affidavit of Garner in which he states how the accident between his and Culpepper's vehicles occurred. Doc. 12, att. 1. Garner states he struck Culpepper's vehicle when he inadvertently entered the right lane and that Culpepper's vehicle was entirely in the right lane at the time of the accident. *Id.* In addressing

---

[2] *See* Doc. 1, p. 6, fn. 2.

plaintiff's consent argument, they claim Culpepper and State Farm's consent to remove was not necessary because they were improperly joined. Doc. 12, p. 8.

Plaintiff replied, urging that the affidavit is improper for us to consider, reiterates his previous point that defendants' acceptance of liability does not extinguish claims against other parties and for the first time, asserts that the amount in controversy is not met.[3] Defendants filed a sur-reply that addressed each of these arguments. In both their opposition and sur-reply, defendants repeatedly state that plaintiff has not offered any additional evidence or facts to support that Culpepper committed any negligent act in her operation of the vehicle.

## II.
### LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). However, the federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and is between citizens of different

---

[3] This argument was improperly asserted for the first time in a reply brief. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived"). However, given our duty to examine subject matter jurisdiction, we acknowledge plaintiff's argument but find defendants have established the amount in controversy is met given the nature of the injuries and damages alleged and plaintiff being recommended for surgery.

states. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 472 (1996).

A court may disregard a non-diverse party's citizenship for purposes of determining subject matter jurisdiction if the party was improperly joined. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Id.* at 574. Only the latter method is relevant here because defendants did not allege actual fraud. Thus, the relevant question is whether defendants have shown that there is no reasonable possibility of recovery against the non-diverse defendant in state court. *Id*. Under this test, the court looks to whether there is "a reasonable basis" for predicting that the plaintiff can recover on any of his claims against the non-diverse defendant. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added). The possibility of liability must be "reasonable, not merely theoretical." *Id.* The removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem*. Co., 491 F.3d 278, 281-82 (5th. Cir. 2007).

To determine whether the defendant has demonstrated whether plaintiffs have "no possibility of recovery" against the diversity-destroying defendant, the court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d

at 573. When conducting a Rule 12(b)(6) analysis, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Id*. (citing *Twombly*, 127 S.Ct. 1955).

In the improper joinder context, however, the scope of the inquiry may sometimes be broader than that of a 12(b)(6). *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). While a traditional 12(b)(6) analysis looks only to the complaint, in the improper joinder inquiry, the court may "pierce the pleadings" and also consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *Travis*, 326 F.3d at 649; *Campbell*, 509 F.3d at 669. In doing so, the court must consider all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Travis*, 326 F.3d at 649. Any contested issues of fact or ambiguities of state law must be resolved in favor of the plaintiff. *Id*. We choose to pierce the pleadings in this case.

### III.
#### ANALYSIS

Defendants state in their Notice of Removal that Garner's negligence was the sole cause of the accident. We find such a statement to be a judicial admission. A "judicial admission" is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474 (5th Cir. 2001). Although a "judicial admission" is not itself evidence, it has the effect of withdrawing a fact from contention and is conclusive. *Id*. For the doctrine to apply, the purported admission "must be made

intentionally as a waiver, releasing the opponent from proof of fact.'" *United States v. Chavez–Hernandez*, 671 F.3d 494, 501 (5th Cir. 2012).

Defendants' admission withdraws the fact issue of liability from contention and is conclusive. They have admitted to being solely, or 100%, responsible for the accident and therefore, no other party, including Culpepper, may be found liable to plaintiff for his injuries. Because there exists no reasonable basis to find that Culpepper's alleged acts of negligence caused plaintiff's injuries, there exists no reasonable basis to predict that the plaintiff might be able to recover against Culpepper in state court.

Additionally, defendants have submitted summary-judgment type evidence via Garner's affidavit which further indicates that plaintiff has no potential recovery against Culpepper and State Farm. Garner clearly states that he inadvertently collided with Culpepper's vehicle when he attempted to change lanes and Culpepper's car was entirely in the right-hand lane at the time. It is defendants' burden to "put forward evidence that would negate a possibility of liability on the part of [Culpepper]." *Travis*, 326 F.3d at 650. We cannot think of any evidence that more clearly negates the possibility of liability than another party assuming responsibility for such. Plaintiffs have not countered defendants' evidence with any facts or evidence to support how Culpepper was negligent in her operation of the vehicle. Accordingly, there is no possibility of recovery against Culpepper and we recommend she be dismissed without prejudice.

Although we find Culpepper to be improperly joined, the same cannot be said for State Farm. Although the parties fail to address this issue, a finding of improper joinder affects only the non-diverse individual defendants and has no application to a diverse defendant such as State Farm, a citizen of Illinois. *See Smallwood*, 385 F.3d at 574 ("A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured

concept."); *Tipton v. Landen*, 2016 WL 919539, at *5 (W.D.La. 2016) ("the improper joinder doctrine is not applicable to a diverse defendant."). Thus, State Farm was properly joined and under the general rule, it should have been required to consent to removal. However, "nominal" or "formal" parties need not join in the removal petition. *Farias v. Bexa County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991). To establish that a party is nominal, the removing defendant must show "that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendant[ ] in state court." *Id*. This test is "substantially similar to the test for improper joinder." *Chavez v. Goodyear Tire & Rubber Co*., 2018 WL 501092, at *3 (E.D. Tex. 2018). Because we have found that no possibility of recovery exists as to Culpepper, neither is there a possibility of recovery against her insurer, State Farm. Accordingly, State Farm is a nominal party whose consent was not required and defendants' removal was procedurally proper.

We note, however, that despite our finding that there is no possibility of recovery against State Farm, unlike instances involving an improperly joined party, a nominal defendant cannot be dismissed on a Motion to Remand. *Comeaux v. Sasol Chemicals (USA) LLC,* 2022 WL 2112806, *8 (W.D.La. 2022). Accordingly, we cannot recommend dismissal of defendant State Farm in our disposition of the present matter.

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand [doc. 15] be **DENIED** and that non-diverse defendant **McKENZIE CULPEPPER** be dismissed from this action with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 29th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE