## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**DARION LOVE**                                **CASE NO.  2:21-CV-03642**

**VERSUS**                                         **JUDGE JAMES D. CAIN, JR.**

**JOHN P GARNER ET AL**              **MAGISTRATE JUDGE DAVID J. AYO**

## MEMORANDUM RULING

Before the Court is "Defendants' Motion for Partial Summary Judgment" (Doc. 34) wherein, Defendants, John P. Garner, Sumter Utilities, Inc. ("Sumter Utilities"), and Old Republic Insurance Company ("Old Republic") (collectively referred to as "Defendants"), who move the Court for a partial summary judgment showing that Plaintiff, Darion Love, cannot meet his burden of proving that he sustained an injury to his left hip as a result of the subject accident.  Plaintiff opposes the motion.

## FACTUAL STATEMENT

The instant case involves an automobile accident that occurred on or about September 5, 2020; Defendants have judicially admitted that the accident was caused solely by the negligence of John Garner and Sumter Utilities.[1]

While Plaintiff alleges in his Complaint that he suffered injuries including "a left hip labral tear,"[2] he testified in his deposition on June 27, 2022, that he did not injure his left hip in the September 5, 2020.[3]

---

[1] Doc. 34-1.
[2] Doc. 1-2, ¶ 10.
[3] Defendant's exhibit A, Deposition of Darion Love, pp. 40, 78-80, 87-88, and 107-108.

<u>**SUMMARY JUDGMENT STANDARD**</u>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Defendants move to dismiss any claims Plaintiff might have as to an injury to Plaintiff's left hip as a result of the September 5, 2020, accident. Defendants rely on Plaintiff's deposition testimony and argue that Plaintiff testified that he had no left hip injury as a result of the accident.[4] Plaintiff submits as summary judgment evidence his pleadings,[5] interrogatory answers,[6] and medical records to create a genuine issue of material fact for trial.  Plaintiff argues that this summary judgment evidence clearly indicates that his left was injured as a result of the accident. Plaintiff refers the Court to the entire deposition, and remarks that Plaintiff was confused throughout the deposition.

Specifically, Plaintiff's October 23, 2020, medical records indicate that he complained of headache and left hip pain.[7] On January 14, 2021, Plaintiff complained to Dr. Brett Cascio of left hip pain and was diagnosed with left hip labral tear following his motor vehicle accident with a utility truck.[8] Dr. Cascio documented Plaintiff's December 3, 2020, visit that he was seeing Plaintiff to review MRI results of the left hip and cervical spine and back, post motor vehicle accident.[9] On December 14, 2020, the records reflect that Partners in Physical Therapy treated Darion for left hip pain after a car accident on

---

[4] See Defendant's exhibit A, Love Depo.
[5] Plaintiff's exhibit A.
[6] Plaintiff's exhibit B.
[7] Plaintiff's exhibit C, pp. 000043-000081.
[8] Plaintiff's exhibit D, p. 000009.
[9] *Id.* p. 000005.

September 5, 2020.[10] Other medical providers documents Plaintiff's complaints of left hip pain as well.[11]

Considering the summary evidence submitted by Plaintiff, the Court finds that Plaintiff has created a genuine issue of material fact for trial as to his left hip injuries. As for his deposition testimony that Defendants rely upon, Defendants will have the opportunity at trial to cross-exam Plaintiff.

## **<u>CONCLUSION</u>**

For the reasons explained herein, the Court will deny Defendant's Motion for Partial Summary Judgment.

**THUS DONE AND SIGNED** in Chambers on this 13th day of March, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Id.* p. 000013.
[11] Plaintiff's exhibit E, Lake Charles Behavioral Health Clinic.